UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SETH D. WILSON,

    Plaintiff,

v.

FINANCIAL ASSET MANAGEMENT SYSTEMS INC.,

    Defendant.

Case No. 1:22-cv-00395

**NOW COMES** SETH D. WILSON ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of Defendant FINANCIAL ASSET MANAGEMENT SYSTEMS INC. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Colorado Consumer Protection Act, Col. Rev. Stat. §6-1-101 *et seq.*

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4. Seth D. Wilson ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Thornton, Colorado.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Financial Asset Management Systems Inc. ("Defendant") maintains its principal place of business at 20450 NW Amberwood Drive, Suite 122, Beaverton, Oregon 97006.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8. At some point, Plaintiff obtained a student loan to attend school.

9. Unfortunately, Plaintiff was unable to fulfill his monthly obligations for the student loan and stopped making payments several years ago, accruing a default ("subject debt").

10. In or around December 2021, Plaintiff began receiving collection calls to his cellular phone from Defendant attempting to collect the subject debt.

11. On several occasions, Plaintiff answered Defendant's collection calls and advised of his situation.

12. During an answered call in or around December 2021, Plaintiff requested that cease its collection calls to his cellular phone.

13. Despite Plaintiff's requests that the phone calls cease, Defendant continued to place collection calls to Plaintiff.

14. Defendant has used numerous phone numbers to place collection calls to Plaintiff's phone number, including but not limited to the numbers: (866) 465-6491, (866) 637-6198, (888) 518-6940, (800) 789-7926, (877) 615-2228, (866) 583-2126, and (888) 662-6929.

15. Notwithstanding Plaintiff's request that Defendant's collection calls cease, Defendant placed or caused to be placed at least 35 calls in an attempt to collect on the subject debt after Plaintiff requested that the phone calls cease.

## DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

18. In addition, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

19. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts which it regularly collects using the mail and/or the telephones to collect said delinquent accounts allegedly owed to a third party.

23. The subject debt which Defendant is attempting to collect is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant used the phone to attempt to collect the subject debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

25. Defendant's phone communications to Plaintiff were made in connection with the collection of the subject debt.

### a. Violations of FDCPA § 1692c

26. Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

27. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after Plaintiff requested that the phone calls cease.

28. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after he demanded that Defendant cease contacting him was harassing and abusive.

29. Specifically, since Plaintiff requested that the phone calls cease, any time that Defendant contacted him was considered inconvenient to Plaintiff.

30. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

### b. Violations of FDCPA § 1692d

31. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

32. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

33. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone.

34. Moreover, Defendant continued placing the calls after Plaintiff demanded that the calls cease.

35. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

36. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

37. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular phone.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, SETH D. WILSON, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Enjoin Defendant from continuing to contact Plaintiff;

31. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

32. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

33. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone.

34. Moreover, Defendant continued placing the calls after Plaintiff demanded that the calls cease.

35. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

36. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

37. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular phone.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, SETH D. WILSON, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Enjoin Defendant from continuing to contact Plaintiff;

c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

## COUNT II– VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT
Col. Rev. Stat. §6-1-101 *et seq.*

39. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

40. To prevail on a Colorado Consumer Protection Act ("CCPA") claim:

> a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury. *Kelly v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 60528, at *25 (D. Col. 2007).

41. Defendant violated the CCPA by harassing Plaintiff with collection calls when Plaintiff requested that the phone calls cease.

42. Defendant's conduct as outlined herein was patently unfair and caused Plaintiff serious injury.

43. Plaintiff had no choice but to submit to Defendant's abusive and harmful conduct as outlined herein.

44. Plaintiff's experience with Defendant as set forth herein is not unique to Plaintiff as Defendant systemically abuses consumers in Colorado. A cursory investigation of Defendant reveals that Defendant is regularly sued in Colorado for the identical conduct complained of herein.

**WHEREFORE**, Plaintiff, SETH D. WILSON, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the CCPA;
b. Enjoin Defendant from continuing to contact Plaintiff;
c. Award Plaintiff actual damages and punitive damages, in an amount to be determined at trial, for the underlying CCPA violations;
d. Award Plaintiff costs and reasonable attorney fees; and
e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 14, 2022                              Respectfully Submitted,

                                                      **SETH D. WILSON**

                                                      By: */s/ Jennifer Ann McLaughlin*

                                                      Jennifer Ann McLaughlin, Esq.
                                                      Mohammed O. Badwan, Esq.
                                                      Victor T. Metroff, Esq.
                                                      Marwan R. Daher, Esq.
                                                      *Counsel for Plaintiff*
                                                      Sulaiman Law Group, Ltd
                                                      2500 S Highland Ave, Suite 200
                                                      Lombard, IL 60148
                                                      Telephone: (630) 575-8180
                                                      jmclaughlin@sulaimanlaw.com
                                                      mbadwan@sulaimanlaw.com
                                                      vmetroff@sulaimanlaw.com
                                                      mdaher@sulaimanlaw.com