**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  22-cv-00395-LTB-KLM

SETH D. WILSON,

    Plaintiff,

v.

FINANICAL ASSET MANAGEMENT SYSTEMS INC.,

    Defendant.

---

**PROPOSED SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling/planning conference was held on August 3, 2022 and thereafter via email correspondence.

Mohammed Badwan, Esq., Sulaiman Law Group, Ltd., 2500 S. Highland Ave., Suite 200, Lombard, Illinois 60148, appeared on behalf of Plaintiff Seth D. Wilson

Michael Scott Poncin, Moss & Barnett, PA, 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, appeared on behalf of Defendant Financial Asset Management Systems, Inc. ("FAMS").

### 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et. seq.*

### 3.     STATEMENT OF CLAIMS AND DEFENSES

*Plaintiff:*         Prior to the events giving rise to this action, Plaintiff obtained a student loan to attend school. Eventually, Plaintiff defaulted on the loan resulting in Defendant placing outgoing calls to Plaintiff's cellular telephone to collect the subject debt. During an answered call in or around December 2021, Plaintiff requested that cease its collection calls to his cellular phone. Despite Plaintiff's requests that the phone calls cease, Defendant continued to place collection calls to Plaintiff. Defendant has used numerous phone numbers to place collection calls to Plaintiff's phone number, including but not limited to the numbers: (866) 465-6491, (866) 637-6198, (888) 518-6940, (800) 789-7926, (877) 615-2228, (866) 583-2126, and (888) 662-6929. Notwithstanding Plaintiff's request that Defendant's collection calls cease, Defendant placed or caused to be placed at least 35 calls in an attempt to collect on the subject debt after Plaintiff requested that the phone calls cease.

*Defendant:*         Defendant denies that it called Plaintiff after he told Defendant not to call and thus did not violate any law. Defendant incorporates by reference the affirmative defenses contained in its Answer.

### 4.     UNDISPUTED FACTS

The following facts are undisputed:  None at this time.

### 5.     COMPUTATION OF DAMAGES

*Plaintiff*:  a.   As a results of Defendants' alleged violation(s) of 15 U.S.C. §1692 et seq. and Col. Rev. Stat. §6-1-101 et seq., Plaintiff is seeking the following:

> i.    Actual Damages - Plaintiff is seeking actual damages from Defendant for violations of the FDCPA for an amount to be determined.

    ii.  Statutory Damages – Plaintiff is seeking statutory damages of $1,000.00 from Defendant for violations of the FDCPA.

    iii.  Attorney's Fees and Costs– Plaintiff is seeking his attorney's fees and costs pursuant to the FDCPA. Plaintiff's attorney's fees and costs continue to accrue.

*Defendant:* FAMS has not made a claim for damages, but reserves the right to seek damages should discovery support the same.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

 a. **Date of the Rule 26(f) meeting.**

  August 1, 2022.

 b. **Names of each participant and party he/she represented.**

  Mohammed Badwan appeared on behalf of Plaintiff.

  Michael Scott Poncin appeared on behalf of Defendant FAMS.

 c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

  The parties will make their 26(a)(1) disclosures on or before August 23, 2022.

 d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

  The parties request additional time through August 23, 2022 to complete 26(a)(1) disclosures as counsel for the defendant is scheduled out of the office from August 12-August 22.

 e. **Statement concerning any agreements to conduct informal discovery.**

  The parties agree to serve written discovery via email. There are no other agreements regarding informal discovery.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have agreed to use a unified exhibit numbering system for deposition exhibits.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that their claims will involve a minimal amount of electronically stored information and have/will instruct their clients regarding the requirements of preserving such ESI. The parties have agreed to produce any ESI in searchable .pdf format, and to confer in good faith with regard to the need for any additional format, pursuant to Fed.R.Civ.P. 34.

The parties further agree to the following provision: The parties agree as follows:

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or

Page 4

protection with respect to that document or any other documents involving the same or similar subject matter.

 h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Plaintiff has made a settlement demand.  FAMS has considered the same and has no counteroffer at this time.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

 a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the federal rules.**

The parties agree to limit the deposition in this matter to 3 depositions per side including experts and agree to the rule mandated limit of 25 interrogatories.

 b. **Limitations which any party proposes on the length of depositions.**

The parties agree that depositions should be limited to seven hours each, excluding breaks.

 c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties propose that requests for production be limited to 25 requests per party and that requests for admission be limited to 25 requests per party.

 d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.**

October 1, 2022.

 e. **Other Planning or Discovery Orders.**

Page 5

36752541v1

The parties consent to service of 26(a) disclosures and discovery documents via email.

The parties foresee the need for a Stipulated Protective Order to govern the disclosure of trade secret or other confidential research, development or commercial information belonging to Defendant. If the parties require a protective order, they will submit a proposed Stipulated Protective Order for consideration and entry by the Court.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

September 15, 2022.

b. **Discovery Cut-off:**

May 1, 2023

c. **Dispositive Motion Deadline:**

July 1, 2023

d. **Expert Witness Disclosure**

1. The parties shall identify anticipated fields of expert testimony, if any.

*Plaintiff*: Unknown at this time.

*Defendant*: Unknown at this time. FAMS reserves the right to offer rebuttal expert(s) to be determined after Plaintiff's expert disclosure.

2. Limitations which the parties propose on the use or number of expert witnesses.

Each party may designate no more than two expert witnesses, excluding rebuttal expert witnesses.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 1, 2023.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 1, 2023.**

e. **Identification of Persons to Be Deposed:**

*Plaintiff: Seth Wilson*

*Defendant:*

(1) Plaintiff

(2) Any individual that may support or rebut Plaintiff's claim of damages.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____

b. A final pretrial conference will be held in the case on _____ at _____o'clock__m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate a 2-3 day jury trial in Denver, CO.

a. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Page 7

36752541v1

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 106 E. 2nd Avenue, Suite 150, Durango, Colorado 8130a.

None.

### 12.    NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client..

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.    AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____ , 20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:


s/ Marwan R. Daher, Esq.
Mohammed O. Badwan, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Telephone: 630.575.8180
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com

*Attorneys for Plaintiff Seth D. Wilson*

s/ Michael S. Poncin
Michael S. Poncin, Esq.
MOSS & BARNETT
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
Telephone:  612.877.5290
Facsimile: 612.877.5056
Email: mike.poncin@lawmoss.com

*Attorneys for Defendant Financial Asset Management Systems, Inc..*